# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NAJEEB RAHMAN,

    Defendant.

Case No. 2:98-cr-00417-KJD-RJJ

**ORDER**

Before the Court for consideration is Defendant Najeeb Rahman's Motion to Reopen the Case to Determine Any Outstanding Restitution (#139, 140). The Government filed a response in opposition (#143) to which the Defendant did not reply.

**I.    Background**

On December 7,1999, Defendant plead guilty to one count of Fraud and Related activity with Access Devices and nine counts of Money Laundering. (#63). Judgment included an order of restitution for $247,594.42, twenty-four months of imprisonment, and supervised release for a period of two years. (#63 at 2, 3, 7). Defendant's supervised release was revoked twice for continued fraudulent conduct while on supervision. (#79, 95, 105).

On June 10, 2010, Defendant pled guilty to one count of Fraudulent Transactions with Access Devices issued to Other Persons and one count of Aggravated Identity Theft. *See United States v.*

*Rahman*, 2:08-cr-00126-KJD-PAL. Most recently, Defendant pled guilty to one count of Conspiracy to Commit Wire Fraud. *See United States v. Rahman*, 2:15-cr-00178-LDG-GWF. This judgment included another order of restitution and 96 months of imprisonment. *Id*.

**II.     Analysis**

Under 18 U.S.C. § 3664(o) a sentence of an order of restitution is a final verdict which may be subsequently corrected, appealed, amended, or adjusted. *See* 18 U.S.C. § 3664(o)(1)(A)-(D).

An order of restitution may be corrected pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3742. 18 U.S.C. § 3664(o)(1)(A). Rule 35(a) states that a court may correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days of sentencing. *See* Fed. R. Crim. P. 35. When the time to correct the error has passed, the district court loses jurisdiction to correct the sentence. *See United States v. Morales*, 328 F.3d 509, 512 (9th Cir. 2003). Here, the exception under Rule 35 is unavailable as Defendant's sentencing was over fifteen years ago.

An order of restitution may be appealed pursuant to 18 U.S.C. § 3742. *See* 18 U.S.C. § 3664(o)(1)(B). Section 3742 allows for the review of a sentence if the defendant files a notice of appeal. Here, the Defendant has not filed a notice of appeal. Further, the Defendant's opportunity to appeal has passed as the order of restitution was entered fifteen years ago and a defendant's notice of appeal must be filed within fourteen days of the entry of judgment. *See* Fed. R. App. P. 4(b).

An order of restitution may be amended under 18 U.S.C. § 3664(d)(5) if the victim subsequently discovers further loss after the entry of the judgment. 18 U.S.C. § 3664(o)(1)(C). There are no such allegations here.

Section 3664(k) allows for adjustment of a restitution order based on any material change in a defendant's economic circumstances that may affect the ability to pay restitution. 18 U.S.C. § 3664(o)(1)(C). Presently, there has been no notification of a change in economic circumstances.

Defendant's Motion to Reopen the Case (#139) states that this Court ordered the government to provide a "proof of claim" from any or all alleged victims, however the record is devoid of any such order. Further, this Court has held restitution punishments are not primarily for the benefit of victims,

but for the benefit of society as a whole. *See Untied States v. Tutterow*, No. 2:04-cr-01345-MMD, 2013 WL 1250832, at *2 (D. Nev. Mar. 27, 2013) (quoting Kelly v. Robinson, 479 U.S. 36, 52 (1986). Accordingly, the Court **denies** Defendant's Motion to Reopen the Case (#139, 140).

### III. Conclusion

Having read and considered the present motion and response, the Court finds no support for Defendant's motion. Further, Defendant fails to cite points and authority in support of the motion. Pursuant to LCR 47-9, failure to cite points and authority supporting a motion constitutes consent to deny the motion.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Reopen The Case to Determine Any Outstanding Restitution (#139, 140) is **DENIED**.

DATED this 26th day of June 2017.

_____
Kent J. Dawson
United States District Judge